PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Brian G. Beecher (SBN 239486)<br>THE LAW OFFICES OF ARASH KHORSANDI, PC<br>2960 Wilshire Boulevard, Third Floor<br>Los Angeles, California 90010<br>TELEPHONE NO: (310) 277-7529   FAX NO. (Optional): (310) 388-8442<br>E-MAIL ADDRESS (Optional): service@arashlaw.com<br>ATTORNEY FOR (Name): Plaintiff JUANA MARGARITA OLGUIN ACOSTA | Electronically<br>**FILED**<br>by Superior Court of California, County of San Mateo<br>ON   12/2/2022<br>By   /s/ Maria Coronel<br>Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo<br>STREET ADDRESS: 400 County Center<br>MAILING ADDRESS: 400 County Center<br>CITY AND ZIP CODE: Redwood City 94063<br>BRANCH NAME: Southern Branch: Hall of Justice | |
| PLAINTIFF: JUANA MARGARITA OLGUIN ACOSTA | |
| DEFENDANT: COSTCO WHOLESALE CORPORATION;<br>COSTCO WHOLESALE MEMBERSHIP, INC.; AND | |
| ✓ DOES 1 TO 100 | |
| **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**<br>☐ AMENDED (Number):<br>Type (check all that apply):<br>☐ MOTOR VEHICLE   ✓ OTHER (specify): Premises Liability<br>✓ Property Damage   ☐ Wrongful Death<br>✓ Personal Injury   ☐ Other Damages (specify): | |
| Jurisdiction (check all that apply):<br>☐ ACTION IS A LIMITED CIVIL CASE<br>Amount demanded ☐ does not exceed $10,000<br>☐ exceeds $10,000, but does not exceed $25,000<br>✓ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>☐ ACTION IS RECLASSIFIED by this amended complaint<br>☐ from limited to unlimited<br>☐ from unlimited to limited | CASE NUMBER:<br>22-CIV-05082 |

1. **Plaintiff** (name or names): JUANA MARGARITA OLGUIN ACOSTA
   alleges causes of action against **defendant** (name or names): COSTCO WHOLESALE CORPORATION; COSTCO WHOLESALE MEMBERSHIP, INC.; AND DOES 1 TO 100

2. This pleading, including attachments and exhibits, consists of the following number of pages: 6

3. Each plaintiff named above is a competent adult
   a. ☐ except plaintiff (name):
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity (describe):
      (3) ☐ a public entity (describe):
      (4) ☐ a minor ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other (specify):
      (5) ☐ other (specify):
   b. ☐ except plaintiff (name):
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity (describe):
      (3) ☐ a public entity (describe):
      (4) ☐ a minor ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other (specify):
      (5) ☐ other (specify):

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-PI-001

| SHORT TITLE: ACOSTA v. COSTCO WHOLESALE CORPORATION, et al. | CASE NUMBER: 22-CIV-05082 |
|---|---|

4. [ ] **Plaintiff** *(name):*
   is doing business under the fictitious name *(specify):*

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person    COSTCO WHOLESALE CORPORATION
   a. [✓] **except** defendant *(name):*           c. [ ] **except** defendant *(name):*
      (1) [ ] a business organization, form unknown    (1) [ ] a business organization, form unknown
      (2) [✓] a corporation                            (2) [ ] a corporation
      (3) [ ] an unincorporated entity *(describe):*   (3) [ ] an unincorporated entity *(describe):*

      (4) [ ] a public entity *(describe):*            (4) [ ] a public entity *(describe):*

      (5) [✓] other *(specify):*                       (5) [ ] other *(specify):*

                         COSTCO WHOLESALE MEMBERSHIP. INC.
   b. [✓] **except** defendant *(name):*           d. [ ] **except** defendant *(name):*
      (1) [ ] a business organization, form unknown    (1) [ ] a business organization, form unknown
      (2) [✓] a corporation                            (2) [ ] a corporation
      (3) [ ] an unincorporated entity *(describe):*   (3) [ ] an unincorporated entity *(describe):*

      (4) [ ] a public entity *(describe):*            (4) [ ] a public entity *(describe):*

      (5) [ ] other *(specify):*                       (5) [ ] other *(specify):*

   [ ] Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. [✓] Doe defendants *(specify Doe numbers):* 1-00 _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. [✓] Doe defendants *(specify Doe numbers):* 1-100 _____ are persons whose capacities are unknown to plaintiff.

7. [ ] Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
   a. [ ] at least one defendant now resides in its jurisdictional area.
   b. [ ] the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. [✓] injury to person or damage to personal property occurred in its jurisdictional area.
   d. [ ] other *(specify):*

9. [ ] Plaintiff is required to comply with a claims statute, **and**
   a. [ ] has complied with applicable claims statutes, **or**
   b. [ ] is excused from complying because *(specify):*

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| ACOSTA v. COSTCO WHOLESALE CORPORATION, et al. | 22-CIV-05082 |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   a. ☐ Motor Vehicle
   b. ☑ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☑ Premises Liability
   f. ☐ Other *(specify):*

11. Plaintiff has suffered
   a. ☑ wage loss
   b. ☑ loss of use of property
   c. ☑ hospital and medical expenses
   d. ☑ general damage
   e. ☐ property damage
   f. ☑ loss of earning capacity
   g. ☑ other damage *(specify):*
      pain and mental suffering

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.
   Plaintiff requests a trial by jury on all claims and causes of action. Defendant COSTCO WHOLESALE MEMBERSHIP, INC. is a State of California Corporation doing business in CA at all times relevant.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☑ compensatory damages
      (2) ☐ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
      (1) ☑ according to proof
      (2) ☐ in the amount of: $

15. ☑ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*
   1-15

Date: December 2, 2022

Brian G. Beecher, Esq.
(TYPE OR PRINT NAME)                                                          (SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]            **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**            Page 3 of 3

PLD-PI-001(4)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| ACOSTA v. COSTCO WHOLESALE CORPORATION, et al. | 22-CIV-05082 |

FIRST _____ **CAUSE OF ACTION—Premises Liability**   Page ___4___
(number)

ATTACHMENT TO    [✓] Complaint    [ ] Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. Plaintiff *(name):* JUANA MARGARITA OLGUIN ACOSTA
alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
On *(date):* December 21, 2020    plaintiff was injured on the following premises in the following fashion *(description of premises and circumstances of injury):*

SEE ATTACHMENT 1.

Prem.L-2. [✓] **Count One—Negligence** The defendants who negligently owned, maintained, managed and operated the described premises were *(names):*
COSTCO WHOLESALE CORPORATION; COSTCO WHOLESALE MEMBERSHIP, INC.; AND
[✓] Does 1 to 100

Prem.L-3. [ ] **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were *(names):*

[ ] Does _____ to _____
Plaintiff, a recreational user, was   [ ] an invited guest   [ ] a paying guest.

Prem.L-4. [ ] **Count Three—Dangerous Condition of Public Property** The defendants who owned public property on which a dangerous condition existed were *(names):*

[ ] Does _____ to _____
a. [ ] The defendant public entity had [ ] actual [ ] constructive notice of the existence of the dangerous condition in sufficient time prior to the injury to have corrected it.
b. [ ] The condition was created by employees of the defendant public entity.

Prem.L-5. a. [✓] **Allegations about Other Defendants** The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were *(names):*

[✓] Does 1 to 100
b. [ ] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
[ ] described in attachment Prem.L-5.b [ ] as follows *(names):*

Page 1 of 1
Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) [Rev. January 1, 2007]
**CAUSE OF ACTION—Premises Liability**
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

ATTACHMENT 1 – Page 5 of 6

## CAUSE OF ACTION FOR PREMISES LIABLITY

On approximately December 21, 2020, Plaintiff JUANA MARGARITA OLGUIN ACOSTA ("Plaintiff") was an invitee at 1600 El Camino Real, South San Francisco, CA 94080 (the "Premises"). On December 21, 2020, the Premises was owned, leased, operated, occupied, managed, maintained, and/or otherwise controlled by Defendants COSTCO WHOLESALE CORPORATION; COSTCO WHOLESALE MEMBERSHIP, INC.; AND DOES 1 TO 100 (collectively, "Defendants"). Defendants owed Plaintiff a duty (and the owner of the Premises owned a nondelegable duty) to prevent, eliminate, and rectify any dangerous conditions at the Premises, including but not limited to taking precautions to maintain the Premises, inspect the Premises, and warn Plaintiff of any dangerous conditions. However, Defendants failed to have a reasonable policy to protect from this danger and/or Defendants failed to enact that policy with due care. In addition, Defendants caused the dangerous condition because Defendants chose flooring at the Premises that they knew or should have known was unreasonably slippery and/or would likely become unreasonably slippery given the intended used of the flooring at the Premises. Defendants made this choice and/or failed to take the reasonable actions to prevent the danger of the floors at the Premises for reasons of economic gain and to save money and increase their business profits. Defendants consciously, willfully and wantonly decided that their profits were more valuable and important that human suffering and life. Defendants chose to create this exact slip and fall danger and they accepted the likelihood of Plaintiff's slip and fall because Defendants believed it was their most economical and profitable choice and because Defendants unreasonably disregarded the rights and safety of others (such as Plaintiff) and instead Defendants chose to create and allow a slip and fall risk to exist at their Premises.

For these reasons, Defendants breached their duty to use reasonable care and Defendants were negligent in the use and/or maintenance of the Premises so as to cause and/or allow the presence of a dangerously slippery floor and/or the presence of a dangerous liquid/dangerously slippery substance on their floor. While Plaintiff was walking through the Premises, Plaintiff slipped and fell as a result of this dangerous condition. The dangerous condition was known and/or reasonably should have been known to Defendants—and also it was caused by Defendants. The dangerous condition was such that a reasonably careful person would not notice or anticipate it without warning – and there were not warning signals, signs, or markings present to properly alert Plaintiff to the dangerous condition. Accordingly, Plaintiff suffered severe bodily injuries, including but not limited to injuries to her right shoulder, back, neck and knees. Plaintiff's past medical bills are in excess of $25,000.00 and she requires future medical expenses in excess of approximately $25,000.00. Plaintiff's total damages, including past and future pain and suffering and lost wages/lost earning capacity, are thus in excess of $25,000.00. Defendants' negligence was a substantial factor in causing Plaintiff's harm and damages.

PLD-PI-001(2)

| SHORT TITLE: ACOSTA v. COSTCO WHOLESALE CORPORATION, et al. | CASE NUMBER: |
|---|---|

SECOND **CAUSE OF ACTION—General Negligence** Page 6
(number)

ATTACHMENT TO ☑ Complaint ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: JUANA MARGARITA OLGUIN ACOSTA

alleges that defendant *(name)*: COSTCO WHOLESALE CORPORATION; COSTCO WHOLESALE MEMBERSHIP, INC.; AND

☑ Does 1 to 100

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date)*: December 21, 2020
at *(place)*: or near 1600 El Camino Real, South San Francisco, CA 94080

*(description of reasons for liability):*
On approximately December 21, 2020, Plaintiff JUANA MARGARITA OLGUIN ACOSTA ("Plaintiff") was an invitee at 1600 El Camino Real, South San Francisco, CA 94080 (the "Premises"). On December 21, 2020, the Premises was owned, leased, operated, occupied, managed, maintained, and/or otherwise controlled by Defendants COSTCO WHOLESALE CORPORATION; COSTCO WHOLESALE MEMBERSHIP, INC.; AND DOES 1 TO 100 (collectively, "Defendants"). Defendants owed Plaintiff a duty (and the owner of the Premises owned a nondelegable duty) to prevent, eliminate, and rectify any dangerous conditions at the Premises, including but not limited to taking precautions to maintain the Premises, inspect the Premises, and warn Plaintiff of any dangerous conditions. However, Defendants failed to have a reasonable policy to protect from this danger and/or Defendants failed to enact that policy with due care. In addition, Defendants caused the dangerous condition because Defendants chose flooring at the Premises that they knew or should have known was unreasonably slippery and/or would likely become unreasonably slippery given the intended used of the flooring at the Premises. Defendants made this choice and/or failed to take the reasonable actions to prevent the danger of the floors at the Premises for reasons of economic gain and to save money and increase their business profits. Defendants consciously, willfully and wantonly decided that their profits were more valuable and important that human suffering and life. Defendants chose to create this exact slip and fall danger and they accepted the likelihood of Plaintiff's slip and fall because Defendants believed it was their most economical and profitable choice and because Defendants unreasonably disregarded the rights and safety of others (such as Plaintiff) and instead Defendants chose to create and allow a slip and fall risk to exist at their Premises.
For these reasons, Defendants breached their duty to use reasonable care and Defendants were negligent in the use and/or maintenance of the Premises so as to cause and/or allow the presence of a dangerously slippery floor and/or the presence of a dangerous liquid/dangerously slippery substance on their floor. While Plaintiff was walking through the Premises, Plaintiff slipped and fell as a result of this dangerous condition. The dangerous condition was known and/or reasonably should have been known to Defendants—and also it was caused by Defendants. The dangerous condition was such that a reasonably careful person would not notice or anticipate it without warning – and there were not warning signals, signs, or markings present to properly alert Plaintiff to the dangerous condition. Accordingly, Plaintiff suffered severe bodily injuries, including but not limited to injuries to her right shoulder, back, neck and knees. Plaintiff's past medical bills are in excess of $25,000.00 and she requires future medical expenses in excess of approximately $25,000.00. Plaintiff's total damages, including past and future pain and suffering and lost wages/lost earning capacity, are thus in excess of $25,000.00. Defendants' negligence was a substantial factor in causing Plaintiff's harm and damages.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
www.courtinfo.ca.gov